14-3246-pr
*Hutchinson v. Watson*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26ᵗʰ day of June, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
DENNY CHIN,
            *Circuit Judges.*

---

ALTON C. HUTCHINSON,

     *Plaintiff-Appellant,*

         v.                                                                 No. 14-3246-pr

JOHN WATSON, General Counsel of New York State
Office of Victim Services et al.,

     *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          Alton C. Hutchinson, *pro se*, Malone, NY.

**FOR DEFENDANTS-APPELLEES:**          No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Alton C. Hutchinson, proceeding *pro se*, appeals from the District Court's August 13, 2014 judgment dismissing his complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, for failure to state a claim upon which relief could be granted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2). *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir. 2001). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions[] are not entitled to the assumption of truth." *Id.* at 678–79.

Upon *de novo* review of the record and relevant law, we conclude that the District Court correctly ruled that Hutchinson failed to allege facts sufficient to support his retaliation, conspiracy, and equal protection claims. Accordingly, we affirm for the reasons stated in the District Court's well-reasoned and thorough August 13, 2014 order.

## CONCLUSION

We have considered all of the arguments raised by Hutchinson on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's August 13, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk